UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

LLOYD BROWN, an individual,

    Plaintiff,

vs.

ANNOUNCEMENT CONVERTERS, INC., a
Florida Corporation,

    Defendant.
_____/

## COMPLAINT

1.    Plaintiff, LLOYD BROWN, was an employee of Defendant, ANNOUNCEMENT CONVERTERS, INC., a Florida Corporation, and brings this action against Defendant for alleged sexual harassment, gender/sex discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000 *et seq.*, and Florida Civil Rights Act (FCRA), Florida Statutes §760.01 *et seq.*

2.    Plaintiff, LLOYD BROWN (hereinafter referred to as "Plaintiff"), is an individual whose gender/sex is Male and who resides in Miami Dade County, Florida, within the jurisdiction of this Court.

3.    Defendant, ANNOUNCEMENT CONVERTERS, INC. (hereinafter referred to as "Defendant" and "ACI"), is a specialty paper and envelopes supplier for wholesale customers that at all times material to this Complaint had its principal place of business located at 13165 NW 45th Avenue, Opa Locka, Florida 33054 and was engaged in business in Miami Dade County Florida, within the jurisdiction of this Court.

4. Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and §1367, 42 U.S.C. §2000.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to this action occurred in Miami Dade County, within the jurisdiction of the United States District Court for the Southern District of Florida.

6. At all times material to this Complaint, ACI was engaged in an industry affecting commerce and had fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

7. At all times material to this action, Plaintiff was an employee of ACI within the meaning of 42 U.S.C. §2000e-(f) and F.S. §760.10(1)(a).

8. At all times material to this action, ACI was an employer of Plaintiff within the meaning of 42 U.S.C. §2000e-(b) and F.S. §760.02(7).

9. In approximately July 2016, ACI hired Plaintiff as machine operator, first through a staffing agency, Xpand Staffing, and in or around November 2016, ACI hired Plaintiff directly as a machine operator and warehouse employee.

10. Between approximately July 2016 and February 2017, Plaintiff was supervised by ACI Supervisor, Kalkirk Clive Palmer, who subjected Plaintiff to unwanted sexual harassment and disparate treatment on an almost daily basis because of Plaintiff's gender/sex, Male.

11. More specifically, on an almost daily basis between approximately July 2016 and February 2017, Mr. Palmer subjected Plaintiff to unwanted sexual advances, inappropriate sexual comments and attempted to effectuate a *quid pro quo* of Plaintiff being given a pay raise if Plaintiff would engage in sexual relations with Mr. Palmer.

12. Further, in approximately January 2017, Mr. Palmer attempted to effectuate a *quid pro quo* of ACI giving Plaintiff a pay raise if Plaintiff would engage in sexual relations with Mr. Palmer. Significantly, however, despite Plaintiff's rejection of Mr. Palmer's unwanted advances and repeated objections to Mr. Palmer's sexually discriminatory statements, Mr. Palmer's conduct did not end. Instead, in response Plaintiff voicing his objections to Mr. Palmer's unwanted sexual harassment, Mr. Palmer tried to silence Plaintiff and threatened to terminate his employment if Plaintiff advanced his complaints to other members of ACI's management.

13. In approximately early January 2017, Plaintiff reported Mr. Palmer's unwanted sexual harassment to ACI Human Resources Manager Frank Medina because Plaintiff in good faith believed that Defendant's HR department would help put a stop to Mr. Palmer's unlawful sexual harassment, discrimination, and threats of retaliation.

14. However, instead of ACI taking prompt remedial action in early 2017 to address Mr. Palmer's illegal conduct and prevent any further unlawful action against Plaintiff—and despite Plaintiff satisfactorily performing his duties—Defendant retaliated against Plaintiff by notifying him of purported deficiencies in his job performance as part of a pretexual effort by Defendant to falsely document reasons for discipline against Plaintiff.

15. In approximately mid-January 2017, Plaintiff complained further to ACI's General Manager, Jeffrey Greene, as well as to Frank Mr. Medina, about the sexual harassment and retaliation Plaintiff was being subjected to by Mr. Palmer.

16. ACI once again failed to take prompt remedial action in January 2017 to address Mr. Palmer's unlawful conduct and prevent any further sexual harassment, discrimination, or retaliation against Plaintiff. As a result, Mr. Palmer's harassment, retaliation, and intimidation

against Plaintiff worsened, including—by way of example, Mr. Palmer following Plaintiff into the restroom on one occasion and watching Plaintiff while he urinated.

17. Similarly, in retaliation for Plaintiff's objections to Mr. Palmer's sexual harassment and Plaintiff's complaints, in approximately January 2017, Plaintiff was subjected to disparate treatment and stripped of his regular job duties on the box machine, instead being directed by Mr. Palmer to sweep the entire warehouse.

18. On or around January 27, 2017, Plaintiff submitted an internal, written discrimination complaint to ACI's General Manager, Jeffrey Greene. A copy of Plaintiff's internal complaint is attached hereto as Exhibit A.

19. In response to Plaintiff's internal discrimination complaint to ACI in late January 2017, Mr. Palmer facilitated the issuance of further disciplinary action against Plaintiff, namely writing Plaintiff up for purportedly not placing paper in the designated area and for calling out of work.

20. On or around February 2, 2017, Jeffrey Greene notified Plaintiff that ACI was terminating Plaintiff's employment.

21. The reason proffered by ACI in February 2017 for Plaintiff's termination by Mr. Greene to Plaintiff for his termination was that Plaintiff used inappropriate language in the workplace, which reason was not only both false and pretextual, but even Mr. Greene conceded to Plaintiff at the time of his termination that ACI believed there was "just too much going on" as a result of Plaintiff's complaints about Mr. Palmer's harassment, discrimination, and retaliation for Plaintiff to continue to remain in ACI's employment.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

22. On or around July 6, 2017, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (EEOC) and Florida Commission for Human Relations (FCHR) alleging sexual harassment, gender/sex discrimination, and retaliation by ACI, all in violation of Title VII of the Civil Rights Act and the Florida Civil Rights Act, a copy of which Charge is attached hereto as Exhibit B.

23. On or around February 7, 2018, Plaintiff received the Dismissal and Notice of Rights issued by the EEOC in connection with Charge No. 510-2017-03570, a copy of which Notice was dated January 24, 2018 and is attached hereto as Exhibit C.

24. As of March 1, 2018, more than One Hundred and Eighty (180) days have passed since the filing of Plaintiff's Charges of Discrimination, Charge No. 5510-2017-03570, and the FCHR has not issued any determination on that Charge. As a result, pursuant to F.S. §760.11(18), which provides that in the event that the FCHR fails to conciliate or determine whether there is reasonable cause on any complaint under that section within 180 days of the filing of the complaint, an aggrieved person may file a civil action "as if the commission determined that there was reasonable cause," Plaintiff has exhausted all administrative remedies under Florida law.

25. Plaintiff's Complaint is being filed with the Court on March 1, 2018, within Ninety (90) days of Plaintiff's receipt of the EEOC's Notice Rights (the 90th day falling on May 8, 2018).

26. Plaintiff has exhausted all administrative remedies under Federal law and all conditions precedent to the institution of this action have either occurred or been waived.

## COUNT I
## GENDER/SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e-2

Plaintiff, LLOYD BROWN, reasserts and reaffirms the allegations of Paragraphs 1 through 26 as if fully set forth herein and further state that this is an action against ANNOUNCEMENT CONVERTERS, INC. for gender/sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2.

27. Title VII of the Civil Rights Act of 1964, as amended, provides that it is unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex. . ." 42 U.S.C. §2000e-2(a)(1).

28. At all times material to this action, ACI was an employer within the meaning of 42 U.S.C. §2000e-(b).

29. At all times material to this action, Plaintiff was an employee of ACI within the meaning of 42 U.S.C. §2000e-(f).

30. Throughout the course of Plaintiff's employment with ACI between approximately July 2016 and February 2017, on an almost daily basis, Plaintiff was subjected to: (a) unwelcome sexual harassment and unwanted sexual advances by ACI Supervisor, Kalkirk Clive Palmer, that was continuing, severe, and pervasive, and that constituted a hostile work environment; and (b) disparate treatment, all of which was motivated by Plaintiff's gender/sex, Male, in violation of in violation of 42 U.S.C. §2000e-2(a)(1) & (2).

31. Mr. Palmer's attempts to require Plaintiff to engage in sexual relations with him and/or provide sexual favors to Mr. Palmer as a *quid pro quo* for a pay raise, which conduct Plaintiff rejected, violated 42 U.S.C. §2000e-2(a)(1) & (2).

6

32. ACI's management knew or should have known the sexual harassment, sex/gender discrimination and disparate treatment, and retaliation against Plaintiff was unlawful but despite Plaintiff's verbal and written complaints to ACI, Defendant failed to take prompt and appropriate corrective action.

33. Mr. Palmer's sexual harassment and gender/sex discrimination of Plaintiff between approximately July 2016 and February 2017 was sufficiently severe and pervasive as to alter the terms, conditions and privileges of Plaintiff's employment with ACI.

34. In approximately January 2017 and continuing through February 2017, ACI discriminated against Plaintiff when: (a) Defendant communicated false deficiencies in Plaintiff's job performance to Plaintiff; (b) ACI stripped Plaintiff of his regular job duties on the box machine, with Mr. Palmer directing Plaintiff to instead sweep the entire warehouse; (c) Mr. Palmer wrote Plaintiff up for purportedly not placing paper in the designated area and for calling out of work; and (d) on or around February 2, 2017, ACI terminated Plaintiff's employment because of Plaintiff's gender/sex, Male, and/or because of Plaintiff's refusal to agree to Mr. Palmer's unwanted sexual advances and sexual harassment, in violation of 42 U.S.C. §2000e-2(a)(1) & (2).

35. The proffered reason for Plaintiff's termination was false and known to be false by Defendant at the time ACI terminated Plaintiff's employment in February 2017 and instead were a pretext for unlawful sexual harassment and gender/sex discrimination against Plaintiff, in violation of 42 U.S.C. §2000e-2(a)(1) & (2).

36. Plaintiff's gender/sex, Male, and/or Plaintiff's refusal to agree to Mr. Palmer's unwanted sexual advances, sexual harassment, and requests for sexual favors, was/were

motivating factor(s) for ACI's termination of Plaintiff's employment in February 2017, in violation of 42 U.S.C. §2000e-2(a)(1) & (2).

37. ACI's violations of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States. As such, Plaintiff is entitled to punitive damages against ACI pursuant to 42 U.S.C. §1981a(a)(1).

38. Plaintiff has suffered and continues to suffer lost earnings, emotional distress, loss of self-esteem, and other damages as a direct result of ACI's violations of 42 U.S.C. §2000e-2(a)(1) & (2).

39. Pursuant to 42 U.S.C. §2000e-5(k), Plaintiff is entitled to recover his reasonable attorneys' fees and costs from Defendant.

WHEREFORE, Plaintiff, LLOYD BROWN, demands judgment against Defendant, ANNOUNCEMENT CONVERTERS, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, punitive damages, equitable relief, interest, costs, attorney's fees, expert fees and such other and further relief as this Honorable Court deems proper.

### COUNT II
### GENDER/SEX DISCRIMINATION IN VIOLATION OF
### THE FLORIDA CIVIL RIGHTS ACT

Plaintiff, LLOYD BROWN, reasserts and reaffirms the allegations set forth in paragraphs 1 through 26 above and further states that this is an action against ANNOUNCEMENT CONVERTERS, INC. for gender/sex discrimination in violation of the Florida Civil Rights Act, F.S. §760.10(1).

40. The Florida Civil Rights Act provides that it is an unlawful employment practice for an employer "[t]o discharge . . . any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . ." F.S. §760.10(1)(a).

41. At all times relevant to this action, Plaintiff was an aggrieved person within the meaning of F.S. §760.02(10).

42. Throughout the course of Plaintiff's employment with ACI between approximately July 2016 and February 2017, on an almost daily basis, Plaintiff was subjected to: (a) unwelcome sexual harassment and unwanted sexual advances by ACI Supervisor, Kalkirk Clive Palmer, that was continuing, severe, and pervasive, and that constituted a hostile work environment; and (b) disparate treatment, all of which was motivated by Plaintiff's gender/sex, Male, in violation of in violation of F.S. §760.10(1)(a) & (b).

43. Mr. Palmer's attempts to require Plaintiff to engage in sexual relations with him and/or provide sexual favors to Mr. Palmer as a *quid pro quo* for a pay raise, which conduct Plaintiff rejected, violated F.S. §760.10(1)(a) & (b).

44. ACI's management knew or should have known the sexual harassment, sex/gender discrimination and disparate treatment, and retaliation against Plaintiff was unlawful but despite Plaintiff's verbal and written complaints to ACI, Defendant failed to take prompt and appropriate corrective action.

45. Mr. Palmer's sexual harassment and gender/sex discrimination of Plaintiff between approximately July 2016 and February 2017 was sufficiently severe and pervasive as to alter the terms, conditions and privileges of Plaintiff's employment with ACI

46. In approximately January 2017 and continuing through February 2017, ACI discriminated against Plaintiff when: (a) Defendant communicated false deficiencies in Plaintiff's job performance to Plaintiff; (b) ACI stripped Plaintiff of his regular job duties on the box machine, with Mr. Palmer directing Plaintiff to instead sweep the entire warehouse; (c) Mr. Palmer wrote Plaintiff up for purportedly not placing paper in the designated area and for calling out of work; and (d) on or around February 2, 2017, ACI terminated Plaintiff's employment because of Plaintiff's gender/sex, Male, and/or because of Plaintiff's refusal to agree to Mr. Palmer's unwanted sexual advances and sexual harassment, in violation of F.S. §760.10(1)(a),

47. The proffered reason for Plaintiff's termination was false and known to be false by Defendant at the time ACI terminated Plaintiff's employment in February 2017 and instead were a pretext for unlawful sexual harassment and gender/sex discrimination against Plaintiff, in violation of F.S. §760.10(1).

48. The sex/gender discrimination which Plaintiff suffered and endured between approximately July 2016 and February 2017 was intentional and was undertaken by Defendant because of Plaintiff's gender/sex, Male.

49. Plaintiff's gender/sex, Male, and/or Plaintiff's refusal to agree to Mr. Palmer's unwanted sexual advances, sexual harassment, and requests for sexual favors, was/were motivating factor(s) for ACI's termination of Plaintiff's employment in February 2017, in violation of F.S. §760.10(1).

50. Defendant's violations of F.S. §760.10(1) were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the State of Florida. As such, Plaintiff is entitled to punitive damages against ACI pursuant to F.S. §760.11(5).

51. Plaintiff has suffered and continues to suffer lost earnings, emotional distress, loss of self-esteem and other injuries as a direct result of ACI's violations of F.S. §760.10(1).

52. Pursuant to F.S. §760.11(5), Plaintiff is entitled to recover his reasonable attorneys' fees and costs from ACI.

WHEREFORE, Plaintiff, LLOYD BROWN, demands judgment against Defendant, ANNOUNCEMENT CONVERTERS, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, punitive damages, equitable relief, interest, costs, attorney's fees, expert fees and such other and further relief as this Honorable Court deems proper.

**COUNT III**
**RETALIATION IN VIOLATION OF TITLE VII**
**OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e-3(a)**

Plaintiff, LLOYD BROWN, reasserts and reaffirms the allegations of Paragraphs 1 through 26 as if fully set forth herein and further state that this is an action against ANNOUNCEMENT CONVERTERS, INC., for Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a).

53. Pursuant to 42 U.S.C. §2000e-3(a), "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees …. because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

54. When Plaintiff objected to and complained to his supervisor, Kalkirk Clive Palmer, ACI's Human Resources Manager, Frank Medina, and ACI's General Manager, Jeffrey

Greene, on multiple occasions between approximately July 2016 and February 2017 about what Plaintiff reasonably and in good faith believed was unlawful sexual harassment, sex/gender discrimination, and disparate treatment by ACI, Plaintiff engaged in protected activity within the meaning of Title VII, 42 U.S.C. §2000e-3(a).

55. Between approximately January 2017 and February 2017, ACI intentionally retaliated against Plaintiff in violation of Title VII because of Plaintiff's good faith complaints about Kalkirk Clive Palmer's sexual harassment and discrimination by, *inter alia*: (a) Defendant falsely issuing disciplinary action against Plaintiff; (b) changing Plaintiff's job duties; and (c) within just a few days of Plaintiff's January 27, 2017 internal written discrimination Complaint, terminating Plaintiff's employment, all in violation of Title VII, 42 U.S.C. §2000e-3(a).

56. The fact that Plaintiff engaged in activity protected by Title VII—by both objecting to and rejecting Mr. Palmer's unwanted sexual harassment and advances and complaining to Mr. Palmer, Mr. Medina, and Mr. Greene—was a motivating factor behind ACI's termination of Plaintiff's employment in February 2017, in violation of 42 U.S.C. §2000e-3(a).

57. The reason proffered by ACI in February 2017 for terminating Plaintiff's employment was false and pretextual as part of Defendant's effort to cover up unlawful retaliation against Plaintiff in violation of 42 U.S.C. §2000e-3(a).

58. ACI's retaliatory action in violation of Plaintiff's rights under Title VII was intentional and was done by ACI with malice and a reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.  As such, Plaintiff is entitled to punitive damages against ACI pursuant to 42 U.S.C. §1981a(a)(1).

59. Plaintiff has suffered and continues to suffer lost earnings, emotional distress, loss of self-esteem and other damages as a direct result of Defendant's unlawful retaliation.

60. Pursuant to 42 U.S.C. §2000e-5(k) and 1988(b), Plaintiff is entitled to recover his reasonable attorneys' fees and costs from ACI.

WHEREFORE, Plaintiff, LLOYD BROWN, demands judgment against Defendant, ANNOUNCEMENT CONVERTERS, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT IV
## RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

Plaintiff, LLOYD BROWN, reasserts and reaffirms the allegations set forth in paragraphs 1 through 23 above and further states that this is an action against, ANNOUNCEMENT CONVERTERS, INC., for Retaliation in violation of F.S. §760.10(7).

61. Pursuant to the Florida Civil Rights Act, F.S. §760.10(7), it is "an unlawful employment practice for an employer … to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section."

62. When Plaintiff objected to and complained to his supervisor, Kalkirk Clive Palmer, ACI's Human Resources Manager, Frank Medina, and ACI's General Manager, Jeffrey Greene, on multiple occasions between approximately July 2016 and February 2017 about what Plaintiff reasonably and in good faith believed was unlawful sexual harassment, sex/gender discrimination, and disparate treatment by ACI, Plaintiff engaged in protected activity under the Florida Civil Rights Act, F.S. §760.10(7).

63. Between approximately January 2017 and February 2017, ACI intentionally retaliated against Plaintiff in violation of Title VII because of Plaintiff's good faith complaints about Kalkirk Clive Palmer's sexual harassment and discrimination by, *inter alia*: (a) Defendant falsely issuing disciplinary action against Plaintiff; (b) changing Plaintiff's job duties; and (c) within just a few days of Plaintiff's January 27, 2017 internal written discrimination Complaint, terminating Plaintiff's employment, in violation of F.S. §760.10(7).

64. The fact that Plaintiff engaged in activity protected by the Florida Civil Rights Act—by both objecting to and rejecting Mr. Palmer's unwanted sexual harassment and advances and complaining to Mr. Palmer, Mr. Medina, and Mr. Greene—was a motivating factor behind ACI's termination of Plaintiff's employment in February 2017, in violation of F.S. §760.10(7).

65. The reason proffered by ACI in February 2017 for terminating Plaintiff's employment was false and pretextual as part of Defendant's effort to cover up unlawful retaliation against Plaintiff in violation of F.S. §760.10(7).

66. ACI's retaliation against Plaintiff in violation of F.S. §760.10(7) was intentional and was done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the State of Florida. As such, Plaintiff is entitled to punitive damages against ACI pursuant to F.S. §760.11(5).

67. Plaintiff has suffered and continues to suffer loss of earnings, emotional distress, loss of self-esteem and other injuries as a direct result of ACI's retaliation in violation of F.S. §760.10(7).

68. Pursuant to F.S. §760.11(5), Plaintiff is entitled to recover his reasonable attorneys' fees and costs from ACI.

WHEREFORE, Plaintiff, LLOYD BROWN, demands judgment against Defendant, ANNOUNCEMENT CONVERTERS, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, punitive damages, equitable relief including but not limited to front pay, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## JURY TRIAL DEMAND

LLOYD BROWN demands trial by jury on all issues so triable.

Dated:  March 1, 2018                             Respectfully submitted,

By:   **s/KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail:  employlaw@keithstern.com
Hazel Solis Rojas, Esquire
Florida Bar No. 91663
E-mail:  hsolis@workingforyou.com
LAW OFFICE OF KEITH M. STERN, P.A.
One Flagler
14 NE 1st Avenue, Suite 800
Miami, Florida 33132
Telephone: (305) 901-1379
Facsimile: (561) 288-9031
Attorneys for Plaintiff

# EXHIBIT A

January 27, 2017

I am writing to once again complain about the sexual harassment and retaliation I have been subjected to at Announcement Converters. Around January 5, 2017, I reported sexual harassment by my supervisor Kalkirk Clive Palmer to Mr. Frank Medina, a representative of the HR department. I told him that Clive has been very unprofessional and disrespectful.

He made jokes about my mother-in-law, asking me if my wife's mother came to my house and she was just provocative and trying to have sex with me, would I have sex with her. I told him, "No, because I consider my wife's mother to be my mom and I don't find that funny."

At one point he asked me to solve a riddle and stated that, if I solve the riddle correctly, he would give me a raise. After solving the riddle, I said, "Ok, pay up because I got it right." He grabbed his penis and said to me, "Raise this dick." A few days later, I went back to Clive to ask him to uphold his end of the bargain regarding he raise that he promised. He said to me, "When you start wearing skirts and have bigger tits, I will bang you for the raise." Then he said, "Hold on," grabbed me by the shoulders and tried to turn me around while saying, "Turn around, turn around, let me bang you for the raise."

On another occasion, he said to me, "Would you let a man fuck you for $1,000." I said, "No" and I told him I was not gay. He said, "Then what would you do it for." I said, "Nothing." Then, he burst out laughing saying, "Oh, you would not let a man have sex with you for $1,000, but you would do it for nothing." Again, I found his jokes to be offensive and let him know that I didn't like the jokes. I asked him to stop those jokes because they are sexual harassment. He kept right on with his comments and his jokes as if he didn't care. He responded, "I run this shit. Whatever I say goes. If I say you have to go, you have to go and there is nothing nobody up in the front can do about it."

About four weeks ago, he came up to me and got in my face screaming and yelling, "Take my fucking name out your mouth! Take my fucking name out your mouth. Stop taking my name to those people in the office. I hear what you say about me. Take my fucking name out your mouth!" I was so surprised and shocked and I didn't know what to say because I had not done anything like that. So, at that point, I went and reported it to Stan, the owner of Announcement Converters. I didn't hear anything after my report regarding any discipline for Clive or any resolution of the matter.

This was the second time Clive had accused me of reporting him. Even though I was scared to report his conduct at first because I didn't want to lose my job and he made it clear that he could fire me, I could not take the harassing environment any longer.

I spoke with Mr. Frank a second time about Clive retaliating against me. Some of the things he would do included coming up to me, saying nothing, and standing there looking at me with a mean face. He also had me followed to the bathroom. He sent Johnny to come knock on the door and tell me to get out. He also started to assign me the most demeaning jobs and taking away responsibilities. I left a voice mail on Mr. Frank's voicemail about two weeks ago about what is taking place, but he never returned my call or followed up with me.

Now, Clive has taken me away from the things that I used to do at the job. I can't ship. I can't drive the forklift. I can't pick any orders. I can't go in the office anymore. He basically told me that all I should do is what he says and that is cleaning the floor, picking up trash off the floor and making boxes. That's what I've been doing ever since the incident happened. I have been demoted in my duties and Clive's retaliation is affecting my job performance as well as my pay check. I cannot work overtime like I was before. He told me I now have to clock in at 9:15 a.m. and leave at exactly 5:45 p.m. He now excessively monitors my work as well. He takes pictures of my work, but he does not take pictures of any other employee's work.

I am distressed and anxious about my job and the continued harassment and retaliation because I exercised my right to report Clive's sexual harassment of me. I spoke with Jeff, the owner's son, about what's going on, but he told me, "It's not retaliation." I don't know what else to do. The things that Clive has subjected me to since this incident are so humiliating and public as they can be witnessed by everyone at the job. Some of the employees are making jokes about me working at Alcatraz Derek. Wayne and Johnny have seen these changes and say it is stupid. They see what's going on. They know that I have been demoted even though they need help packing, but Clive says I am not allowed to help.

Today, after I arrived at work, Clive sent me home, stating, "You don't work here today. Go home. If you don't go home, I'm going to call the cops on you." He is doing his best to make good on his promise to make my work life as miserable as possible until I give him a reason to fire me or until I quit.

I have suffered and continue to suffer humiliation, loss of my earnings, demeaning treatment and am experiencing extreme stress based on what Clive has been doing and there seems to be no one willing to stop him. Simply because I did not like and accept his sexual harassment, now, I am the one with the bull's eye on my head and it is not right. So, I am making another attempt to get this matter resolved.

Thank you for your immediate attention to this matter and for your anticipated help.

Lloyd A. Brown